UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CARL BAKER ] | |
|     Plaintiff, ] | |
| ] | |
| v. ] | No. 3:12-0946 |
| ] | Judge Campbell |
| ANTOINETTE WELCH, et al. ] | |
|     Defendants. ] | |

**O R D E R**

Before the Court is a *pro se* civil complaint (Docket Entry No. 1) and an application to proceed in forma pauperis (Docket Entry No. 2).

The plaintiff is a resident of Nashville. It appears from his application that he lacks sufficient financial resources from which to pay the fee required to file the complaint. Accordingly, plaintiff's application to proceed in forma pauperis is GRANTED. 28 U.S.C. § 1915(a).

The plaintiff brings this action against two Nashville attorneys, complaining that the state courts improperly dismissed his legal malpractice action. More specifically, he claims that he was denied his right of access to the courts as guaranteed by Article 1, Section 17 of the Tennessee Constitution.

In a series of Supreme Court cases, it was held that a federal district court lacks jurisdiction to entertain a challenge to a state court decision arising out of a judicial proceeding, even if the challenge alleges that the state court action was unconstitutional. These holdings are more commonly known as the Rooker-Feldman doctrine. This doctrine bars a losing party in state court

1

"from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994).

In this case, the plaintiff claims that the state courts wrongly granted the defendants' motion for summary judgment. The Rooker-Feldman doctrine provides that this Court has no appellate jurisdiction to review and possibly correct the state court judgment that lies at the heart of plaintiff's complaint. The Court, therefore, lacks the jurisdiction needed to adjudicate the plaintiff's claims. Franzel v. Kerr Mfg. Co., 959 F.2d 628, 630 (6th Cir.1992)(a district court must consider matters of jurisdiction at any time, *sua sponte* if necessary). For that reason, this action is hereby DISMISSED.

It is so ORDERED.

Todd Campbell
United States District Judge